UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COURTNEY L. BISHOP,  )<br>    Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>INDIANA UNIVERSITY, BLOOMINGTON,  )<br>INDIANA UNIVERSITY FOUNDATION,  )<br>INC., INDIANA UNIVERSITY STUDENT  )<br>FOUNDATION,  )<br>CURTIS R. SIMIC, Individually and in his  )<br>capacity as President and CEO of Indiana  )<br>University Foundation, Inc., and  )<br>ROBERT A. RHAMY, Individually, and his  )<br>capacity as Director of Indiana University  )<br>Student Foundation,  )<br>    Defendants. | 1:06-cv-0646-LJM-WTL |

## ENTRY & ORDER FOR FRIDAY, APRIL 21, 2006

Parties appear by counsel, Gregory Gadson, for plaintiff, Courtney L. Bishop ("Mr. Bishop"), and John R. Maley and Kristin S. Shyedlock for defendants, Indiana University, Bloomington, Indiana University Foundation, Inc. ("Foundation"), Indiana University Student Foundation ("IUSF"), Curtis R. Simic, and Robert A. Rhamy (all defendants collectively, "Defendants"), for hearing on Plaintiff's Motion for Temporary Restraining Order. Counsel for both parties acknowledged that counsel for Defendants had adequate notice of the hearing as evidenced by the numerous paper filings made by Defendants prior to the hearing. In particular, the Court noted its concern with Defendants' Motion to Dismiss on the basis of lack of subject matter jurisdiction.

In light of the Court's concern with Defendants' Motion to Dismiss, the Court asked counsel for Mr. Bishop to explain what state action occurred that led to the deprivation of a constitutional

right. Mr. Bishop responded that inherent in the event in question, the "Little 500" bicycle race, is Indiana University's control over who participates in the event. However, there is no evidence to controvert the fact that the bicycle race is run by the Foundation and that the action taken with respect to Mr. Bishop, banning him from coaching at the race for life, was taken by the Foundation. Mr. Bishop took no issue with the fact that the Foundation, or the IUSF for that matter, are private entities. Moreover, an Indiana state court has found the Foundation to be a private entity as to other matters in which it was alleged that it was a state actor. *See State Bd. of Accounts v. Ind. Univ. Found.*, 647 N.E.2d 342, 349-51 (Ind. Ct. App. 1995), *trans denied*.

The Court also asked counsel for Mr. Bishop to explain the basis for Mr. Bishop's Motion for Temporary Restraining Order, including the likelihood of success on the merits and the irreparable harm. Mr. Bishop presented no additional evidence other than that in his moving papers to show that any of his constitutional rights had been violated. Moreover, the fact that Mr. Bishop may have suffered and may suffer additional harm to his reputation is not "irreparable" as irreparable harm has been interpreted by the United States Supreme Court. *See Paul v. Davis*, 424 U.S. 693, 701-02 (1976). Likewise, the fact that Mr. Bishop may not participate in the Little 500 race scheduled for tomorrow, Saturday, April 22, 2006, in light of the fact that the race occurs every year, Mr. Bishop's harm is likewise not irreparable. Finally, Mr. Bishop has already begun pursuing his remedies in state administrative and state legal proceedings, which remedies would certainly be available to redress any rights that have been abridged. This Court's foray into the issues would only interfere with those processes.

Therefore, the Court found that Mr. Bishop's case had little likelihood of success on the merits, and that there was no irreparable harm.  Therefore, the Court DENIED Plaintiff's Motion for Temporary Restraining Order.

Although the Court indicated at the end of the hearing that it would grant Defendants' Motion to Dismiss, upon further reflection, the Court finds that such a ruling would prejudice Mr. Bishop has he has not had adequate time to respond.  Therefore, plaintiff, Mr. Bishop, shall have fifteen days from the date of this Order to file his brief in opposition to Defendants' Motion to Dismiss; Defendants shall have seven days thereafter to respond.

## CONCLUSION

In the light of the foregoing facts, the Court **DENIES** plaintiff's, Courtney L. Bishop, Motion for Temporary Restraining Order as he has little likelihood of success on the merits and will not suffer irreparable harm if the injunction is not granted.  Contrary to its statements in open court, the Court will allow further briefing on defendants', Indiana University, Bloomington, Indiana University Foundation, Inc., Indiana University Student Foundation, Curtis R. Simic, and Robert A. Rhamy, Motion to Dismiss as directed herein.

IT IS SO ORDERED this 21st day of April, 2006.

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

*Distribution list attached*

Distributed to:

Gregory P. Gadson, Esq.
LEE, COSSELL, KUEHN & LOVE, LLP
127 East Michigan Street
Indianapolis, IN  46204

John R. Maley
Kristin S. Shedlock
BARNES & THORNBURG
11 South Meridian Street
Indianapolis, IN  46204-3535